## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Case No. 5:13-cv-1939 |
| | : | |
| v. | : | |
| | : | |
| ARRIAGA, INC. (d/b/a SEÑOR PANCHO'S), LUIS ARRIAGA, and MARTIN ARRIAGA, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendants, Arriaga, Inc., an Ohio corporation; Luis Arriaga, an individual; and Martin Arriaga, an individual (hereinafter collectively, "Defendants"), from violating the provisions of sections 6, 7, 11, 12, and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 *et seq.*) hereinafter called the Act, pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

## I.

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. §1345.

1

## II.

(a)  Defendant, Arriaga, Inc., is an Ohio corporation having its main office and place of business in Orrville, Ohio.  Arriaga, Inc., doing business as Señor Pancho's,  at all times hereinafter mentioned maintained a restaurant at 525 North Main Street, Orrville, Ohio, within the jurisdiction of this Court, where it was engaged in the food service industry.

(b)  Defendant Luis Arriaga resides at 1097 Matthew Drive, Orrville, Ohio 44667, within the jurisdiction of this Court, and is, and at all times was, a fifty percent shareholder of Defendant Arriaga, Inc.  During the time period from January 24, 2011, through May 10, 2012, Defendant Luis Arriaga was also the sole shareholder of Arriaga III, Inc., which maintained a second Señor Pancho's restaurant located at 147 Mansfield Avenue, Shelby, Ohio 44875.  At all times hereinafter mentioned, Luis Arriaga acted directly or indirectly in the interest of Arriaga, Inc.  At all times while he was the sole shareholder of Arriaga III, Inc., Luis Arriaga acted directly or indirectly in the interest of Arriaga III, Inc.

(c)  Defendant Martin Arriaga resides at 1722 Viking Avenue, Orrville, Ohio 44667, within the jurisdiction of this Court, and is, and at all times was, directly involved in the regular management of Defendant Arriaga, Inc's business.  At all times hereinafter mentioned, Martin Arriaga acted directly or indirectly in the interest of Arriaga, Inc.

## III.

(a)  With respect to the Señor Pancho's location in Orrville, Ohio, Defendants are and at all times hereinafter mentioned were engaged in related activities performed through unified operations or common control for a common business purpose, and at

2

all times hereinafter mentioned were an enterprise within the meaning of section 3(r) of the Act.

(b)  With respect to the Señor Pancho's location in Shelby, Ohio and during the period from January 24, 2011, through May 10, 2012, Defendants were engaged in related activities performed through unified operations or common control for a common business purpose, and at all times hereinafter mentioned were an enterprise within the meaning of section 3(r) of the Act.

## IV.

Defendants at all times hereinafter mentioned were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales of not less than $500,000.

## V.

(a)  Defendants violated the provisions of sections 6 and 15(a)(2) of the Act by employing their employees in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for wages at rates less than $7.25 per hour for time worked from August 23, 2010, through August 22, 2012.

(b)  In addition to the violations set forth in sub-part (a) above, Defendants have continued to repeatedly violate the provisions of sections 6 and 15(a)(2) of the Act by continuing to employ employees in interstate commerce and in the production of goods

for interstate commerce, within the meaning of the Act or in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid, for wages at rates less than $7.25 per hour for time worked from August 23, 2010, until August 22, 2012.

## VI.

(a)  Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing their employees in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act as aforesaid, for workweeks longer than forty (40) hours, without compensating said employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed.

(b)  In addition to the violations set forth in sub-part (a) above, Defendants have continued to repeatedly violate the provisions of sections 7 and 15(a)(2) of the Act by continuing to employ employees in interstate commerce and in the production of goods for interstate commerce, within the meaning of the Act or in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours, without compensating said employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed.

## VII.

Defendants, employers subject to the provisions of the Act, have repeatedly and willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act, in that they have failed to make, keep and preserve adequate and accurate records of its employees

4

and of the wages, hours, and other conditions and practices of employment maintained by it as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. §516, in that the records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek.

**VIII.**

During the period since August 23, 2010, Defendants have repeatedly and willfully violated the aforesaid provisions of the Act.  A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for a judgment against Defendants as follows:

(a)     For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b)     For an Order

(1)     pursuant to section 16(c) of the Act finding Defendants liable for unpaid compensation due Defendant's employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit 1 (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

5

(2)     pursuant to section 17 enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants, from withholding payment of unpaid overtime compensation found to be due Defendant's employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. 6621; and

(c)     For an Order awarding plaintiff the costs of this action; and

(d)     For an Order granting such other and further relief as may be necessary or appropriate.

|  |  |
|---|---|
|  | */s/ Hema Steele* |
| OF COUNSEL: | HEMA STEELE (0081456) |
|  | Trial Attorney |
|  | U.S. Department of Labor |
| BENJAMIN T. CHINNI | 881 Federal Office Building |
| Associate Regional Solicitor | 1240 East Ninth Street |
|  | Cleveland, Ohio 44199 |
|  | (216) 522-3876; Fax (216) 522-7172 |
|  | *Steele.Hema@dol.gov* |